BENJAMIN B. WAGNER
United States Attorney
KATHERINE T. LYDON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: 916-554-2722

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KIM EDWARD ROGERS,<br><br>    Defendant. | CASE NO. 15-CR-0016 MCE<br><br>MOTION TO CONTINUE MOTION HEARING DATE, EXTEND BRIEFING SCHEDULE, AND EXCLUDE TIME; ORDER<br><br>DATE: September 10, 2015<br>TIME: 9:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

**MOTION TO CONTINUE MOTION HEARING DATE, EXTEND BRIEFING SCHEDULE, AND EXCLUDE TIME**

**I.      Factual and Procedural Background**

On January 22, 2015 a Sacramento grand jury returned an indictment charging Kim Edward Rogers with possession of child pornography in violation of Title 18, United States Code, Section 2252(a)(4)(B). At a status conference on April 24, 2015, the defendant indicated he planned to file a motion to suppress evidence. At the parties' request, the Court set a briefing schedule whereby the defense motion would be filed on June 4, 2015 and the hearing would take place on July 16, 2015. On June 3, 2015, the government agreed and the parties stipulated to extend the briefing schedule such that the defendant's motion would be due on August 6, 2015 and the motion to suppress hearing would be held on September 10, 2015. On August 5, 2015, the government agreed and the parties stipulated to allow the defendant to file his motion a day delayed and leave the briefing and hearing schedule otherwise unchanged. The Court so-ordered both of the stipulations and proposed orders submitted by the parties.

On August 7, the defendant filed an 18-page motion to suppress a significant volume of evidence, including evidence seized on November 15, 2014 by law enforcement, statements made at the time of the defendant's November 15, 2014 car stop, statements made later on the same day by the defendant, and statements made by the defendant regarding a medical condition during the booking process on January 9, 2015.

The government requires additional time to investigate and respond to the fact-intensive issues raised by defendant, including through declarations from at least two law enforcement officers. The California Highway Patrol (CHP) officer who conducted the traffic stop and inventory search of the defendant's vehicle, from whom the government plans to obtain a declaration, is out of the office and will not return to work until the current due date of the government's opposition brief.

Government counsel conveyed as much to defense counsel and, on August 14, 2015 and August 17, 2015, asked that the defendant stipulate to a one or two week extension of the due date for the government's opposition brief and concomitant continuance of the hearing date. Defense counsel indicated his client would not be willing to so stipulate.

## II.   Argument

Good cause exists for a modest extension of the briefing schedule and continuance of the motion hearing date to enable the government to investigate and fully respond to the fact-intensive arguments made by the defense. It would be unduly burdensome and perhaps infeasible to do so within the current briefing schedule for reasons including the workload and schedules of counsel and witnesses, in particular that of the CHP officer who conducted the inventory search and who will not return to duty until the day the government's opposition brief is currently due. An extension of the briefing schedule and continuance of the motion hearing date would not cause any prejudice to the defendant, who has been in custody since his January 9, 2015 initial appearance and will remain so until the resolution of the case, regardless of the outcome of his motion to suppress. The defendant should also not be heard to complain of any unfairness given the many months the defendant had to prepare his opening brief, facilitated by two stipulated extensions of the briefing schedule.

## III.   Conclusion

For the above stated reasons, the government, by and through its undersigned attorney,

MOTION TO CONTINUE MOTION HEARING DATE, EXTEND BRIEFING
SCHEDULE, AND EXCLUDE TIME; ORDER

1 | respectfully requests the hearing date for the defendant's motion to suppress evidence be continued from
2 | September 10, 2015 until September 24, 2015, the briefing schedule amended to move the remaining
3 | brief deadlines forward by two weeks, and time through and including September 24, 2015 be excluded
4 | from the computation of time within which this case must be commenced under the Speedy Trial Act,
5 | pursuant to 18 U.S.C. § 3161(h)(1)(D) and Local Code E (delay resulting from a pretrial motion).

Dated: August 17, 2015

BENJAMIN B. WAGNER
United States Attorney

*/s/ Katherine T. Lydon*
KATHERINE T. LYDON
Assistant United States Attorney

**ORDER**

The Court, having received, read and considered the motion of the government, and good cause appearing therefrom, hereby grants the motion. The Court orders that the time from the date of this order up to and including September 24, 2015 is excluded from the computation of time within which this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(1)(D) and Local Code E (delay resulting from a pretrial motion). The Court further orders that the motion hearing be set for September 24, 2015 at 9:00 in the morning and that the due dates for the remaining briefs be set as follows:

    Opposition due: September 3, 2015

    Reply due: September 10, 2015.

The Court specifically finds that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial

    IT IS SO ORDERED.

Dated: August 19, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT